UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ON SITE GAS SYSTEMS, INC., | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:06-cv-00639 (VLB) |
| USF TECHNOLOGIES, INC., ET AL., | : | |
|     Defendants. | : | May 16, 2008 |

## MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS AND MOTION TO TRANSFER VENUE [Doc. #35]

The plaintiff, On Site Gas Systems, Inc. (OSG), filed a complaint against the defendants, USF Technologies, Inc. (USF), and Alden Ozment, the president of US Foam, Inc. (US Foam), which does business under the name USF.[1] OSG claimed that USF and Ozment unjustly enriched themselves by infringing one of OSG's patents and engaging in unfair competition in violation of both § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. § 42-110a et seq. USF and Ozment have filed a motion to dismiss for lack of personal jurisdiction or, alternatively, to transfer venue to the United States District Court for the Eastern District of Texas. For the reasons given below, the motion to transfer venue is GRANTED and the motion to dismiss is DENIED as moot.

OSG is a Connecticut corporation that manufactures and distributes fire suppression equipment primarily for use in coal mines. USF is a Texas

---

[1] US Foam is not a party to this action.

corporation that manufactures firefighting foam. Ozment is a citizen of Texas. In September and October 2004, the parties negotiated an agreement regarding the supply of certain equipment from OSG to USF. A dispute arose under that agreement, and OSG then filed a lawsuit against USF and Ozment in the United States District Court for the Eastern District of Texas. The parties eventually reached a settlement and ended their business relationship. Independent of that dispute, OSG filed the present lawsuit against USF and Ozment in the United States District Court for the District of Connecticut in April 2006, alleging patent infringement.

USF and Ozment move to dismiss this action on the ground that their contacts with Connecticut are insufficient to subject them to personal jurisdiction in this Court. According to USF and Ozment, USF is not licensed to do business in Connecticut and has sold approximately $17,456 worth of products to a small number of Connecticut customers in the entire history of its business. USF does not maintain an office or have any employees in Connecticut, and it does not own or lease any property in this state. Neither Ozment nor any other representative of USF traveled to Connecticut to negotiate the 2004 agreement with OSG or to conduct any other business for USF.

In opposition to the motion to dismiss, OSG argues that USF does business in Connecticut through a website and advertisements in a trade publication. USF's website is accessible in Connecticut and provides information about USF, but does not offer any products for sale and requires potential

2

customers to initiate contact with USF. USF has advertised its products in a mining magazine that covers North America and is available in Connecticut. OSG also argues that USF's 2004 agreement with OSG is a sufficient basis for this Court to exercise personal jurisdiction over USF and Ozment.

In a patent infringement case, the law of the Federal Circuit applies to a personal jurisdiction challenge. See <u>Pennington Seed, Inc. v. Produce Exchange No. 299</u>, 457 F.3d 1334, 1338 (Fed. Cir. 2006) ("We review personal jurisdiction issues in a patent infringement case under Federal Circuit law."). The court must "accept a plaintiff's well-pleaded factual allegations as true and draw all reasonable inferences in its favor." <u>Id.</u> at 1338. "When personal jurisdiction is challenged, however, the plaintiff has the burden of showing that jurisdiction exists." <u>Iowa State Univ. Research Found., Inc. v. Greater Continents, Inc.</u>, 81 Fed. Appx. 344, 349 (Fed. Cir. 2003). To establish the existence of personal jurisdiction, the plaintiff must show that (1) the Connecticut long-arm statute permits jurisdiction over the defendants and (2) the exercise of jurisdiction comports with due process. <u>Pennington Seed</u>, 457 F.3d at 1343-44.

As to USF, the Connecticut long-arm statute, Conn. Gen. Stat. § 33-929(f), provides:

> Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign

3

commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.

The Connecticut long-arm statute indicates that this Court could exercise jurisdiction over USF only if OSG's patent infringement action arises out of (1) a contract made or performed in Connecticut; (2) business solicited by USF in Connecticut; (3) USF's production, manufacture, or distribution of goods used in Connecticut; or (4) tortious conduct by USF in Connecticut. After considering OSG's complaint and the parties' affidavits and exhibits, this Court finds that none of those four categories applies to the facts of this case.

First, there is no contract at issue. OSG does not allege that its patent infringement claim arises out of the parties' 2004 supply agreement or the settlement that followed their dispute regarding that agreement. On the basis of OSG's complaint, there is no connection between the infringement and the

4

parties' supply agreement and settlement.

Second, OSG has not satisfied its burden to show that USF has solicited business in Connecticut through its website and advertisements in a mining magazine available in Connecticut. The website and magazine advertisements are insufficient to confer jurisdiction over USF. USF's website provides information, but does not offer any products for sale and requires potential customers to initiate contact with USF. The website is therefore "passive" and does not support the exercise of personal jurisdiction. See <u>Am. Wholesalers Underwriting, Ltd. v. Am. Wholesalers Ins. Group, Inc.</u>, 312 F. Supp. 2d 247, 254-55 (D. Conn. 2004) ("Exercising personal jurisdiction . . . predicated upon the maintenance of a passive web site is not proper. . . . The [defendant's] web site requires a potential customer to initiate contact with [the defendant] by telephone, mail, or email, and customers cannot directly purchase any product through the web site. As such, the [defendant's] site is 'passive,' and therefore personal jurisdiction does not lie on this basis."). See also <u>Best Van Lines, Inc. v. Walker</u>, 490 F.3d 239, 251-52 (2d Cir. 2007) (explaining that the level of interactivity of a website tends to show whether the defendant is transacting business or purposefully availing itself of the privilege of conducting activities in the forum state). As to the magazine in which USF has placed advertisements, it is undisputed that the magazine covers North America. Although the magazine is available in Connecticut, neither it nor USF's advertisements are targeted specifically toward Connecticut. Therefore, the magazine advertisements do not

form a basis on which to exercise personal jurisdiction over USF. See <u>Am. Wholesalers Underwriting</u>, 312 F. Supp. 2d at 256-57 (finding that advertisements in national trade publications were not specifically targeted toward Connecticut and thus did not confer personal jurisdiction over the defendant in that case).

Third, OSG's patent infringement claim does not relate to any goods that USF may have produced, manufactured, or distributed in Connecticut. OSG's complaint fails to link the alleged infringement specifically to the approximately $17,456 worth of products that USF has sold in Connecticut. Finally, USF's allegedly tortious conduct has not occurred in Connecticut. The Connecticut legislature declined to extend jurisdiction over foreign corporations, as distinguished from individuals, for tortious acts committed outside the state, where such conduct injures a person in Connecticut. Compare Conn. Gen. Stat. § 33-929(f) with § 52-59b(a). Because Connecticut's long-arm statute does not confer personal jurisdiction over USF, there is no need to proceed to the second part of the jurisdictional analysis, namely, whether the exercise of jurisdiction comports with due process.

The Court now examines the propriety of personal jurisdiction over the other defendant, Ozment. Conn. Gen. Stat. § 52-59b(a) provides:

> [A] court may exercise personal jurisdiction over any nonresident individual . . . who in person or through an agent: (1) Transacts any business within the state; (2) commits a tortious act within the state, except as to a cause of action for

6

> defamation of character arising from the act; (3) commits a tortious act outside the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if such person or agent (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; (4) owns, uses or possesses any real property situated within the state; or (5) uses a computer . . . or a computer network . . . located within the state.

The Court's analysis of personal jurisdiction over Ozment is similar to the analysis performed for USF. First, Ozment has not transacted business in Connecticut because he never traveled to Connecticut on behalf of USF. Second, he has not committed a tortious act in Connecticut. Third, he does not regularly do or solicit business in Connecticut, and there is no indication that he personally derives substantial revenue from interstate or international commerce. Fourth, he does not own, use, or possess real property in Connecticut. Finally, he has not used a computer or computer network located in Connecticut. The Connecticut long-arm statute does not confer personal jurisdiction over Ozment, and, therefore, there is no need to undertake the due process portion of the jurisdictional inquiry.

Having determined that personal jurisdiction over USF and Ozment is not

available in the District of Connecticut, the Court notes that venue in this district is also improper pursuant to 28 U.S.C. § 1391(b), which provides: "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." A defendant corporation "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction . . . ." 28 U.S.C. § 1391(c). In the present case, USF and Ozment do not reside in Connecticut, and the events giving rise to OSG's claim did not occur in Connecticut.

When venue is improper, 28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." "[L]ack of personal jurisdiction [can] be cured by transfer to a district in which personal jurisdiction [can] be exercised, with the transfer authority derived from . . . [§] 1406(a) . . . ." SongByrd, Inc. v. Estate of Grossman, 206 F.3d 172, 179 n.9 (2d Cir. 2000).

This Court concludes that it is in the interest of justice to transfer the case rather than to dismiss it. The defendants' motion to transfer venue is accordingly GRANTED and the motion to dismiss is DENIED as moot. The Clerk is directed to

transfer this case to the United States District Court for the Eastern District of Texas and to CLOSE this file.

                                              **IT IS SO ORDERED.**

                                          /s/
                                    **Vanessa L. Bryant**
                                    **United States District Judge**

**Dated at Hartford, Connecticut: May 16, 2008.**